■ ROSILYN HADDAD, Respondent, v EDWARD HADDAD, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated February 20, 1987, as, upon granting his motion to reargue so much of an order of the same court dated December 31, 1986, which denied his cross motion for an order compelling the plaintiff wife to provide a copy of a letter stating the value of the wife's pension, adhered to the original determination.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 16, 1986, the parties entered into a stipulation of settlement in which they agreed to the distribution of all the marital assets, including the pensions. The value of the wife's pension was determined to be $56,000. This amount was subtracted from the wife's share of the marital assets, other than pensions, thereby permitting her to retain the full value of her pension. The parties agree that the wife had produced and shown to the husband's attorney a letter verifying the value of her pension during the negotiations before the stipulation of settlement was placed on the record. A copy of the letter was not requested by or provided to the husband's attorney. An estimate of the value of the husband's pension was placed on the record with a condition that he would provide the wife's attorney with written verification of the value within 30 days.

Subsequently, the husband moved for an order directing the wife to turn over a copy of the letter, claiming that the information contained therein was necessary to calculate the distribution of the marital assets in accordance with the stipulation and necessary to the defendant husband's valuation of his own pension. Both arguments are without merit and were properly rejected by the Supreme Court.

The value of the wife's pension was already calculated into the distribution equation stipulated to by the parties. No further calculation is necessary. Furthermore, there is no interdependence between the value of the two pensions. Each party has a separate employer and a separate pension. Thus, the husband's application was properly denied. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.